No. 9754.  Department One. — September 24, 1885.]

NETTIE D. HARRIS, ADMINISTRATRIX OF THE ESTATE
OF JAMES H. HARRIS, DECEASED, RESPONDENT, *v.*
E. A. HARRIS, APPELLANT.

EVIDENCE — STATEMENTS OF A DECEASED PERSON AGAINST HIS INTEREST. — In an action to cancel a deed made by a son just before his death to his father, and to quiet the title of the son's estate to the lands purporting to be conveyed thereby, one of the issues was whether or not the son had acquired these lands by a previous conveyance from his father without consideration, and as trustee for the latter to reconvey them when requested so to do.  In connection with this issue, it was shown by the plaintiff that a bill of sale of certain personal property was given by the father to the son at the time of the alleged conveyance from him to his son, and that a second bill of sale of the same property was given by the son to the father at the time of the deed of conveyance sought to be cancelled, and that these two bills of sale were so intimately connected with the conveyances as to form substantially parts of the same transaction.  *Held,* that statements by the son at the time as to the consideration for the first bill of sale were admissible on behalf of the defendant.

APPEAL from an order of the Superior Court of Lassen County refusing a new trial.

The facts are stated in the head-note and opinion.

*Hart & White, C. G. Kelley,* and *M. Marsteller,* for Appellant.

*E. V. Spencer,* and *C. McClaskey,* for Respondent.

FOOTE, C. — An appeal from an order refusing the defendant a new trial.

The respondent objects to the consideration by this court of the statement on that motion, which is incorporated in the transcript.

We can see no force in his objection.

This was an action to cancel a deed, made by a son, just preceding his death, to his father, and to quiet the title of the son's estate, to the lands purporting to be by that deed conveyed.

It was an issue in the case, whether or not the son had acquired these lands by a previous conveyance from his father, without consideration, and as a trustee for the latter, to reconvey them when requested by him so to do.

As bearing upon this, the plaintiff introduced in evidence two bills of sale of a band of horses, the first from the father to the son, the second from the son back to the father.

It also appeared, from the plaintiff's evidence, that the bills of sale were cotemporaneous with the deeds of conveyance, that is, that the father's deed to the son was made in connection with the first, and the son's deed in connection with the second bill of sale, and that the transfers of the lands and horses by both father and son were, in point of time and other material ways, respectively, so blended together, as to be substantially parts of one transaction, where the surrounding circumstances and statements of the parties at these respective times became pertinent in their entirety.

A motion was made by the plaintiff's counsel to strike out certain parts of A. A. Smith's testimony relative to statements made by James H. Harris as to the consideration of the first bill of sale. And objection was also made by him to certain questions on this same subject, propounded by defendant's counsel to Smith.

This motion to strike out, as also the objections to the questions, were sustained by the court, and excepted to by the defendant, and are assigned as errors in his eleventh, twelfth, thirteenth, and fourteenth specifications thereof.

Under the issue above stated, and the evidence as then before the court, a full and fair investigation of the matter was proper, and to that end all of the evidence given by and offered from Smith was pertinent, and the court erred in striking out any part thereof, and in not permitting him to make responsive answers to the questions specified in their entirety. And it should have considered such answers in rendering judgment in the case.

It was proposed to impeach the witness McKissick by the evidence offered of the witness Mrs. Shinn. That evidence should have been admitted. The foundation for it was sufficiently laid; and the questions asked and proposed to be asked Mrs. Shinn, with the above-mentioned object in view, were proper.

The order of the court below should be reversed and the cause remanded for a new trial.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion the order is reversed and cause remanded for a new trial.